UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RUBEN M. TRUJILLO, RICHARD GONZALEZ, SERGIO MEZA-MEDINA, DANIEL B. MIMS, and RENE RODRIGUEZ,<br><br>        Defendants. | No.  CR-13-2109-FVS-1<br>     CR-13-2109-FVS-2<br>     CR-13-2109-FVS-3<br>     CR-13-2109-FVS-5<br>     CR-13-2109-FVS-6<br><br>ORDER DENYING "MOTION [TO] DISMISS FOR VIOLATION OF DUE PROCESS AND STATE SOVEREIGNTY" |

**RUBEN M. TRUJILLO** moves to dismiss the Superseding Indictment. He argues the United States' decision to seek his indictment under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq*, violates the Fifth, Ninth, and Tenth Amendments to the Constitution and, were he convicted, the probable punishment would violate the Eighth Amendment.

**RULE 12**

Mr. Trujillo is not arguing the Court lacks jurisdiction. Nor is he arguing the Superseding Indictment fails to state an offense. *See* Fed.R.Crim.P. 12(b)(3)(B). Rather, he claims the instant prosecution is unconstitutional. That being the case, the Court will construe his motion as a request for relief under Rule 12(b)(2), which states, "A party may raise by pretrial motion any defense, objection, or request

Order - 1

that the court can determine without a trial of the general issue."

**NO FUNDAMENTAL RIGHT TO GROW MARIJUANA**

Mr. Trujillo argues he has a fundamental right to grow marijuana for medical purposes, and this right is protected by the substantive component of the Due Process Clause of the Fifth Amendment. Virtually the same argument was considered and rejected by the Ninth Circuit in *Raich v. Gonzales*, 500 F.3d 850 (9th Cir.2007) (hereinafter "*Raich II*"). Writing for the court, Judge Pregerson concluded, "[F]ederal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to alleviate excruciating pain and human suffering." *Raich II* is binding authority. Thus, the Executive Branch's decision to proceed with the prosecution does not deprive Mr. Trujillo of a fundamental right.

**A 10-YEAR MANDATORY MINIMUM PRISON SENTENCE WOULD NOT VIOLATE THE EIGHTH AMENDMENT**

The Eighth Amendment has been interpreted to forbid "'extreme sentences that are grossly disproportionate to the crime.'" *United States v. Williams*, 636 F.3d 1229, 1232 (9th Cir.2011) (quoting *Graham v. Florida*, 560 U.S. 48, 60, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring))). "There are two ways to succeed on a proportionality claim." *Williams*, 636 F.3d at 1232. One way is to show the disputed sentence is disproportionate "'given all the circumstances in the case.'" *Id.* (quoting *Graham*, 560 U.S. at 59, 130 S.Ct. 2011). Another way "is to show that an entire class of

Order - 2

sentences is unconstitutionally disproportionate given the severity of the sentence, the gravity of the crime, and the type of offender." *Id.* at 1233.  It is unclear whether Mr. Trujillo may bring an Eighth Amendment challenge at this stage in the proceedings.  If he is, the only type of challenge he might be able to bring would be the second type.  That is to say, the only type of challenge he might be able to bring would be one alleging a mandatory term of ten years imprisonment is categorically disproportionate to either of the crimes which he is alleged to have committed.  The Ninth Circuit recently considered a similar argument in *United States v. Shill*, 740 U.S. 1347 (9th Cir.2014).  As in this case, the issue was whether a ten-year mandatory minimum sentence categorically violated the Eighth Amendment.  The Ninth Circuit explained the Supreme Court had only applied categorical analysis in *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and *Miller v. Alabama*, ---U.S. ----, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).  "Both *Graham* and *Miller*," said the Ninth Circuit, "expressly turned on two factors not present here:  a juvenile offender and a sentence of life in prison without parole." *Shill*, 740 F.3d at 1356.  Neither circumstance was present in *Shill*.  Mr. Shill was an adult and he had received a mandatory ten-year prison sentence.  That being the case, the Ninth Circuit could see no reason to engage in categorical analysis:

> Neither *Graham* nor *Miller* suggest that a ten-year mandatory prison term is the type of sentencing practice that requires categorical rules to ensure constitutional proportionality. Shill is not a juvenile, and his ten-year mandatory minimum

Order - 3

>   sentence is in no way akin to the death penalty.  Thus, we
>   refuse to apply the categorical approach to Shill's ten-year
>   mandatory minimum sentence.

740 F.3d at 1357.  Unlike Mr. Trujillo's case, *Shill* involved a serious sexual offense.  However, in refusing to employ categorical Eighth Amendment analysis, the Ninth Circuit attached no significance to the nature of the crime Mr. Shill had committed.  Only two circumstances mattered.  Mr. Shill was not a juvenile and he had not been sentenced to life in prison without the possibility of parole.  As in *Shill*, neither of those circumstances is present in Mr. Trujillo's case.  Consequently, a potential ten year prison sentence would not be categorically disproportionate in violation of the Eighth Amendment.

**FEDERAL REGULATION OF MARIJUANA DOES NOT VIOLATE THE NINTH AMENDMENT**

The Ninth Amendment states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  Mr. Trujillo vaguely argues federal regulation of marijuana infringes powers granted to the people of the State of Washington under the Ninth Amendment.  His argument finds no support in Ninth Amendment jurisprudence.  Federal appellate courts agree the Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation."  *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir.1991).  To the contrary, the Ninth Amendment provides a "'rule of construction,'" *Jenkins v. C.I.R.*, 483 F.3d 90,

Order - 4

92 (2d Cir.2007), or a "rule of interpretation." *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir.2013) (internal punctuation and citation omitted).

**TENTH AMENDMENT**

Mr. Trujillo argues the Executive Branch of the federal government has commandeered the efforts of state law enforcement officers in order to subvert a State's decision to decriminalize the use of marijuana for medical purposes. In Mr. Trujillo's opinion, this sort of conduct is forbidden by the Tenth Amendment. He is mistaken. *See Raich* II, 500 F.3d at 867 and n. 17. The Ninth Circuit has repeatedly rejected Tenth Amendment claims challenging federal regulation of marijuana for medical purposes. *See United States v. Firestack-Harvey*, CR-13-24-FVS, 2014 WL 1744255 (E.D.Wash. April 30, 2014) (listing cases).

**DEPARTMENT OF JUSTICE GUIDELINES**

The Department of Justice has issued memoranda that provide guidance to United States Attorneys who are charged with the responsibility of enforcing the Controlled Substances Act in states that allow the use of marijuana for medical purposes. *See, e.g., United States v. Canori*, 737 F.3d 181, 183-84 (2d Cir.2013) (describing the "Ogden" and "Cole" memos). However, Mr. Trujillo has cited no authority supporting the proposition that such memos create enforceable rights.

**IT IS HEREBY ORDERED:**

Ruben Trujillo's "Motion [to] Dismiss for Violation of Due

Order - 5

Process and State Sovereignty" (**ECF No. 280**) is **denied**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   24th    day of July, 2014.

```
              s/ Fred Van Sickle
              Fred Van Sickle
       Senior United States District Judge
```

Order - 6