1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF WASHINGTON

3

4                                           No.  CR-13-2109-FVS-1
                                                 CR-13-2109-FVS-2
5    UNITED STATES OF AMERICA,                    CR-13-2109-FVS-3
                                                 CR-13-2109-FVS-5
6                   Plaintiff,                    CR-13-2109-FVS-6

7

8          v.                               ORDER DENYING "MOTION TO
                                            DISMISS FOR LACK OF
9    RUBEN M. TRUJILLO, RICHARD             JURISDICTION"
     GONZALEZ, SERGIO MEZA-MEDINA,
10   DANIEL MIMS, and RENE RODRIGUEZ,

11

12                  Defendants.

13

          **RUBEN M. TRUJILLO** moves to dismiss the Superseding Indictment on
14
     the ground the United States lacks authority to prohibit the medical
15
     use of marijuana in the State of Washington.
16
          **BACKGROUND**
17
          Ruben Trujillo argues he was entitled to cultivate marijuana
18
     pursuant to the terms of the Washington State Medical Use of Cannabis
19
     Act ("MUCA"), chapter RCW 69.51A.  He further insists he was complying
20
     with the state MUCA's requirements.  Believing, as he does, he was in
21
     compliance with state law, he argues he is not subject to prosecution
22
     under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq*.
23
     First, he claims the CSA does not preempt the state MUCA.  Second, he
24
     claims the CSA does not regulate the medicinal use of marijuana.
25
     Third, he claims the CSA should not be interpreted to prohibit a
26

Order - 1

medical treatment that has been approved by one of the States.

**RULING**

1. The Controlled Substances Act Regulates All Uses of Marijuana

Each CSA-regulated substance is placed in one of five schedules. Congress placed marijuana in Schedule I.  21 U.S.C. § 812(c)(10). This decision reflected Congress' determination "marijuana has 'no currently accepted medical use' at all." *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 491, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001) (hereinafter "*OCBC II*") (quoting 21 U.S.C. § 812). Mr. Trujillo disagrees with Congress' negative assessment of marijuana.  Contrary to Congress, he thinks marijuana has important medical uses.  Many people agree with him, but their opinions, however sincere, do not change the law.  "Unlike drugs in other schedules, . . . schedule I drugs cannot be dispensed under a prescription." *OCBC II*, 532 U.S. at 492 n.5, 121 S.Ct. 1711.  The Supreme Court reiterated this point in *Gonzales v. Raich*, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (hereinafter "*Raich I*").  "By classifying marijuana as a Schedule I drug," said the Supreme Court, "the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study." *Id.* at 14, 125 S.Ct. 2195.  Clearly, then, the CSA regulates all uses of marijuana.

2. *OCBC II* and *Raich I* Are Still Good Law

In *OCBC II*, the Supreme Court held "medical necessity is not a defense to manufacturing and distributing marijuana."  532 U.S. at

Order - 2

494, 121 S.Ct. 1711.  In *Raich I*, the Supreme Court held Congress did not exceed its authority under the Commerce Clause by categorically prohibiting the manufacture and possession of marijuana, including "the intrastate manufacture and possession of marijuana for medical purposes."  545 U.S. at 15, 125 S.Ct. 2195.  Mr. Trujillo maintains *OCBC II* and *Raich I* have been qualified by *Gonzales v. Oregon*, 546 U.S. 243, 248, 275, 126 S.Ct. 904, 163 L.Ed.2d 748 (2006).  There, the Supreme Court held the CSA does not allow "the United States Attorney General to prohibit doctors from prescribing regulated drugs for use in physician-assisted suicide, notwithstanding a state law permitting the procedure."  Mr. Trujillo insists the United States Attorney's decision to seek his indictment is analogous to the Attorney General's decision to prohibit doctors from prescribing regulated drugs for physician-assisted suicide.  In both instances, says Mr. Trujillo, an official in the Executive Branch is improperly interfering with the determination of the people of a State regarding the proper practice of medicine.

    The holding in *Gonzales v. Oregon* was based, in part, upon considerations of federalism.  The States, observed the Supreme Court, enjoy "great latitude under their police powers to legislate as to the protection of the lives, limbs, health, comfort, and quiet of all persons."  546 U.S. at 270, 126 S.Ct. 904 (internal punctuation and citations omitted).  The Supreme Court was reluctant to authorize the Executive Branch to interfere with the States' traditional authority to regulate the practice of medicine unless the CSA clearly conferred

such authority.  After examining the text and structure of the CSA, the Supreme Court decided the Attorney General had overreached.  "[W]e conclude," said the Supreme Court, that "the CSA's prescription requirement does not authorize the Attorney General to bar dispensing controlled substances for assisted suicide in the face of a state medical regime permitting such conduct."  546 U.S. at 270, 126 S.Ct. 904.  In reaching that conclusion, the Supreme Court distinguished physician-assisted suicide from the use of marijuana for medical purposes.  Congress had made an express determination about marijuana that Congress had not made about physician-assisted suicide.  Unlike the latter, "Congress' express determination that marijuana had no accepted medical use foreclosed any argument about statutory coverage of drugs available by a doctor's prescription."  546 U.S. at 269, 126 S.Ct. 904 (citing *OCBC II*, 532 U.S. 483, 121 S.Ct. 1711).

### 3. 21 U.S.C. § 903

Mr. Trujillo distinguishes between the recreational use of marijuana and the medical use of marijuana.  He maintains the CSA regulates the former, but not the latter.  He insists the law of the State of Washington is in accord with the CSA.  As he points out, marijuana is a Schedule I controlled substance under state law.  *See, e.g., State v. Reis*, No. 69911-3-I, 2014 WL 1284863, at *2 (March 31, 2014).  However, the people of the state have decided that persons who use marijuana for medical purposes may not be prosecuted in state court if they comply with the requirements of the Washington State Medical Use of Cannabis Act.  In Mr. Trujillo's opinion, state law

Order - 4

makes the same distinction the CSA makes.  The recreational use of marijuana is forbidden in most circumstances, while the medical use of marijuana is permitted in certain circumstances.  That being the case, says Mr. Trujillo, there is no "positive conflict" between state law and the CSA:  they may "stand together."  21 U.S.C. § 903.[1]

Mr. Trujillo's argument rests upon a number of assumptions, one of which is the CSA does not forbid the use of marijuana for medical purposes.  This assumption is unwarranted.  Contrary to Mr. Trujillo, the CSA forbids the manufacture, distribution, and possession of marijuana.  There is no medical marijuana exception.  *See, e.g., Raich I*, 545 U.S. at 27, 125 S.Ct. 2195 ("The CSA designates marijuana as contraband for any purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses.").  Consequently, to the extent the law of the State of Washington authorizes persons in this state to manufacture, distribute, or possess marijuana for medical purposes, state law "cannot consistently stand" with federal law.  21 U.S.C. §

---

[1]Section 903 states:

No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.

903.  There is a "positive conflict" between federal law and state law.  *Id.*  Section 903 affords no protection to Mr. Trujillo.

**IT IS HEREBY ORDERED:**

Ruben Trujillo's "Motion to Dismiss for Lack of Jurisdiction" (**ECF No. 281**) is **denied**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___25th___ day of July, 2014.

                        s/ Fred Van Sickle
                        Fred Van Sickle
            Senior United States District Judge