UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>RUBEN M. TRUJILLO, RICHARD GONZALEZ, SERGIO MEZA-MEDINA, DANIEL MIMS, and RENE RODRIGUEZ,<br><br>            Defendants. | No.  CR-13-2109-FVS-1<br>     CR-13-2109-FVS-2<br>     CR-13-2109-FVS-3<br>     CR-13-2109-FVS-5<br>     CR-13-2109-FVS-6<br><br>ORDER DENYING "MOTION TO DISMISS FOR VIOLATION OF DUE PROCESS AND EQUAL PROTECTION" |

**RUBEN M. TRUJILLO** moves to dismiss the Superseding Indictment on the ground the Attorney General is arbitrarily refusing, in violation of the Fifth Amendment, to remove marijuana from the list of Schedule I drugs.

**BACKGROUND**

Marijuana has been, and continues to be, classified as a Schedule I drug. 21 U.S.C. § 812(c), Schedule I(c)(10). The existing classification of marijuana is not immutable. Congress has conferred upon the Attorney General the authority to reclassify marijuana. 21 U.S.C. § 811. To date, however, he has declined to do so. Ruben Trujillo alleges the existing classification of marijuana is arbitrary. He alleges the Attorney General lacks a rational basis for retaining marijuana on the list of Schedule I drugs. Believing, as he does, that the Attorney General is behaving in an arbitrary manner, he

Order - 1

moves to dismiss the indictment.  In essence, he argues the Fifth Amendment forbids the United States from prosecuting a person under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, unless the United States can demonstrate the drug in question has been placed on the proper schedule.

**RULING**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. ----, ----, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).  This Court may adjudicate only those legal disputes Congress has authorized it to adjudicate.  *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1019 (9th Cir.2012) (en banc).  Mr. Trujillo urges the Court to review the Attorney General's refusal to reschedule marijuana.  Before accepting his request, the Court must decide whether Congress has authorized it to review decisions of the type challenged by Mr. Trujillo.  *Cf. Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ("by whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements").

Congress has decided to allow review of "[a]ll final determinations, findings, and conclusions of the Attorney General under [subchapter I of the Controlled Substances Act]."  21 U.S.C. § 877.  As the Supreme Court observed in *Touby v. United States*, 500 U.S. 160, 168, 111 S.Ct. 1752, 114 L.Ed.2d 219 (1991), § 877 "plainly

Order - 2

authorizes judicial review of a permanent scheduling order." However, § 877 also provides that a person who is challenging a final decision of the Attorney General must bring the challenge "in the United States Court of Appeals for the District of Columbia or for the circuit in which [the person's] principal place of business is located . . . ." *Id.* If Mr. Trujillo's challenge is governed by § 877, then this Court lacks authority to adjudicate it. He must bring the challenge in another court.

The Ninth Circuit discussed § 877 in *United States v. Forrester*, 616 F.3d 929 (9th Cir.2010). There, the defendant challenged a permanent scheduling order that listed the drug "ecstasy" as a Schedule I drug. 616 F.3d at 935. The Ninth Circuit distinguished temporary scheduling orders and permanent scheduling orders. 616 F.3d at 636. The latter are governed by § 877. 616 F.3d at 636-37. That being the case, said the circuit court, "substantive collateral attacks on permanent scheduling orders are impermissible in criminal cases . . . ." *Id.* at 937. The *Forrester* court gave several reasons for its ruling. To begin with, scheduling decisions are complex. 616 F.3d at 936 (citing *United States v. Carlson, 87 F.3d 440, 446* (11th Cir.1996). In addition, the agency that made the decision is not a party to the action. *Id.* (citing *Carlson*, 87 F.3d at 446). Finally, "to allow all criminal defendants to collaterally attack a permanent scheduling order based on their view that a particular drug has been mis-scheduled would potentially place a continuing, onerous burden on district courts to constantly re-litigate the same issue." *Id.*

The considerations cited by the Ninth Circuit in *Forrester* apply

Order - 3

with equal force to the type of challenge Mr. Trujillo would like to bring in this action.  There is no reason to treat his type of challenge differently than an attack upon a permanent scheduling order.  As a result, the Court concludes the type of challenge Mr. Trujillo is attempting to bring is subject to the limitations imposed by § 877.  He may not use this case as a vehicle for challenging the Attorney General's refusal to remove marijuana from the list of Schedule I drugs.  The Court lacks authority to adjudicate his challenge.

**IT IS HEREBY ORDERED:**

Ruben Trujillo's "Motion to Dismiss for Violation of Due Process and Equal Protection" (**ECF No. 282**) is **denied**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___25th___ day of July, 2014.

```
                    s/ Fred Van Sickle
                    Fred Van Sickle
              Senior United States District Judge
```

Order - 4